UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORENZO ANTONIO YOUNG,

    Petitioner,

v.                                       CASE NO: 8:09-cv-611-T-30AEP

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

# ORDER

Lorenzo Antonio Young (hereinafter "Petitioner" or "Young"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition and the Respondent's response (Dkt. #20). Upon review, the Court determines that the petition must be denied because it fails to demonstrate that relief is merited pursuant to 28 U.S.C. §2254(d)(1) and (2).

## BACKGROUND

Young was charged in the Sixth Judicial Circuit, Pinellas County, Florida, with trafficking in hydrocodone, possession of cocaine with intent to sell, manufacture or deliver, possession of Alprazolam, possession of morphine and the misdemeanor offenses of operating a drug house and possession of marijuana. On September 19, 2007, Young pled

nolo contendere as charged. Adjudicated guilty of the offenses, Young was sentenced to a seven-year minimum mandatory prison term on the trafficking count. Concurrent prison terms of seven-years were imposed on the remaining felony counts. Young was sentenced to time served on the two misdemeanor offenses.

On appeal, he argued the state court erred by not following the procedure set forth in *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973) concerning his complaint that his lawyer was not representing him fairly and his plea was involuntarily entered because he asserted his innocence to many of the charges during the plea hearing. Following briefing, the state appellate court on August 20, 2008, per curiam affirmed without written decision. *Young v. State*, 988 So. 2d 1105 (Fla. 2d DCA 2008)[table]. Young did not pursue certiorari review in the United States Supreme Court.

Young timely filed this federal habeas petition on November 21, 2008. Here, Young contends the state trial court committed reversible error by not conducting a *Nelson* inquiry on a claim of a "conflict of interest" between himself and his appointed counsel. Dkt. 1 at 6. Young also claims the trial court abused its discretion in accepting his plea when he insisted he was innocent of many of the charges. Dkt. 1 at 6.

## STANDARD OF REVIEW

**A.     AEDPA**

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28

U.S.C. §2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

> (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or
>
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

**B.**     **Ineffective Assistance of Counsel**

Where a claim of ineffective assistance of counsel is made, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under the prevailing professional forms. *Id*. at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The Eleventh Circuit has held that "[w]hen applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998). "To state the obvious: trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' " *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)

(quoting Burger v. Kemp, 483 U.S. 776 (1987)).

Under *Strickland*, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir.1994)).

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).

## **DISCUSSION**

**Ground One:**

In his petition, Young asserts his sentence is "in violation of petition(sic) fifth and sixth and due process clause of the fourateenth(sic) amendment of the United State(sic) Constitution." Dkt. 1 at 6. To support this claim, Young contends that the trial court committed reversible error when it failed to conduct a *Nelson* inquiry on the conflict of interest between Young and his court-appointed counsel. Young also contends that the trial court abused its discretion in accepting his no-contest plea because it was involuntary, since he had insisted that he was innocent of many of the charges.

Trial court error is not cognizable on federal habeas corpus review. *See Davis v. Jones*, 506 F.3d 1325, 1332 (11th Cir. 2007) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053, 1055

(11th Cir. 1993): "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").

Young's argument could be interpreted as claiming that he was deprived of his federal constitutional rights to due process and the effective assistance of counsel, by the state trial court's failure to hold a *Nelson* hearing. If so, that argument has no merit.

Florida's Second District Court of Appeal stated in *Reid v. State*, 826 So. 2d 414 (Fla. 2d DCA 2002), that a court's failure to conduct a *Nelson* inquiry is reversible error if the defendant has clearly alleged incompetence and has unequivocally stated he wishes to discharge his counsel. *See Davis v. State*, 703 So. 2d 1055, 1058 (Fla. 1997); *Branch v. State*, 685 So. 2d 1250 (Fla. 1996). Young did neither before the state court or does he do so here. His statements at the plea hearing in state court were vague. He said he was not being "fairly represented," but didn't say what the lawyer should have done that hadn't been done. Young does the same here, he makes conclusory allegations that his counsel was ineffective. Because Young did not clearly allege incompetence of counsel in state court, he was not entitled to a *Nelson* hearing there. Likewise, he has not established here that he was deprived of his federal constitutional right to due process.

Assuming Young's argument is that ineffective assistance of counsel led him to enter his plea involuntarily, that argument also fails. The court record indicates that he understood the plea and entered it voluntarily. The court gave Young numerous opportunities to proceed with a trial which was set to begin that day and numerous opportunities to confer with his attorney about proceeding or pleading. If Young had chosen to proceed with trial, he could

have received up to 55 years in prison. The possession of cocaine charge alone, to which Young clearly admitted, carried up to 15 years in prison. Given these circumstances, it was not unreasonable for Young's attorney to advise him to accept the plea, which called for a sentence of seven years in prison.

Young has failed to show deficient performance or prejudice. He points to no fact in the record that indicates he would have received less than seven years in prison had he pled to only the cocaine possession charge. Therefore, Young fails to meet both prongs of the *Strickland* standard.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.
2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke,

542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 7, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Counsel/Parties of Record

*F:\Docs\2009\09-cv-611.deny 2254.wpd*